IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 3:15cr24-MHT |
| | ) | (WO) |
| RANDELL LAWARN MALONE | ) | |

OPINION AND ORDER

This cause is before the court on defendant Randell Lawarn Malone's motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for February 2, 2016, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy

> days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Malone in a speedy trial.  Malone's current counsel was appointed to represent him on December 18, 2015, after Malone moved to withdraw

his previously entered guilty plea. Considering this recent appointment, the court has reasonable cause to believe that, in order to be effectively prepared for trial, Malone's counsel needs further time to review discovery, conduct research, investigate, and otherwise ready his case for trial. In addition, the magistrate judge ordered a psychological examination of Malone to occur on January 4, 2016, the results of which are due on or before January 14, 2016. Depending on the results of the evaluation, Malone's counsel may need additional time to litigate a motion regarding Malone's competence. The current trial setting would not allow sufficient time to do so. Finally, this court's decision to grant a continuance is buttressed by the fact that the government does not oppose the continuance.

* * *

Accordingly, it is ORDERED as follows:

(1) Defendant Randell Lawarn Malone's motion for continuance (doc. no. 70) is granted.

(2) The jury selection and trial, now set for February 2, 2016, are reset for April 4, 2016, at 10:00 a.m., at the federal courthouse in Opelika, Alabama.

DONE, this the 12th day of January, 2016.

                          _/s/ Myron H. Thompson_
                          **UNITED STATES DISTRICT JUDGE**