IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 3:15cr24-MHT |
| | ) | (WO) |
| RANDELL LAWARN MALONE | ) | |

OPINION AND ORDER

Defendant Randell Lawarn Malone is now before the
court due to the court's serious and ongoing concerns
regarding his competency to stand trial.  The court has
heard testimony that Malone suffers from untreated
bipolar disorder and that this, in combination with
other mental-health conditions, is impacting his
ability to assist counsel in his defense to some
extent.  For the reasons discussed below, the court
finds that Malone should be committed to the custody of
the Attorney General for a mental-competency evaluation
pursuant to 18 U.S.C. §§ 4241(b) and 4247(b) and (c).
Additionally, to the extent possible given the
statutory time constraints, the court also orders the

examiners to offer their opinions regarding other questions addressed below.

## I. BACKGROUND

Malone is charged with two counts of being a felon in possession of live ammunition and one count of being a felon in possession of a firearm and live ammunition, all in violation of 18 U.S.C. § 922(g)(1). See Superseding Indictment (doc. no. 20). Malone entered a guilty plea, but at sentencing he changed his mind and withdrew his plea (with permission of the court). At a subsequent hearing on his attorney's motion to withdraw, the United States Magistrate Judge, sua sponte, ordered a psychological evaluation of Malone based on the following observations: "At the hearing on counsel's motion to withdraw, defendant at first answered the court's inquiries related to the motion only briefly; thereafter, he declined to answer at all, and sat with his head bowed for the remainder of the hearing. Defense counsel and her investigator reported

2

similar experiences in attempting to communicate with defendant.   In addition, defense counsel indicated that defendant had been recently diagnosed with bipolar disorder but is not receiving any medication."   Order (doc. no. 66) at 1-2 (footnote omitted).

The evaluator, Dr. Karl Kirkland, a licensed psychologist, submitted a report summarizing his evaluation of Malone, and testified further at a hearing.   Dr. Kirkland opined that Malone suffers from bipolar disorder, post-traumatic stress disorder, and marijuana abuse[1], and also may suffer from a self-defeating personality disorder;   that Malone has sufficient understanding of the nature and consequences of the proceedings against him; and that, while Malone's mental-health condition does impact his ability to assist counsel with his defense, this impact was not, at the time he met with him, sufficiently

---

1.   While he did not include the marijuana-abuse diagnosis in his report, he clarified in his in-court testimony that he should have included it.   Dr. Kirkland posits that Malone has self-medicated his bipolar disorder with marijuana.

great as to render Malone so unable to assist with his defense that he should be found incompetent.

That said, Dr. Kirkland's report and testimony left the court with lingering, serious concerns about Malone's ability to assist his counsel.  Dr. Kirkland testified that Malone experiences frequent mood swings as a result of his bipolar disorder, and that the type of bipolar disorder he has manifests most frequently in episodes of depression;  that Malone is currently depressed; that he is not receiving treatment for his bipolar disorder in the detention facility where he is being held; and additionally, and importantly, that Malone's current incarceration is likely to make the symptoms of the disorder worse, not better, and that his mental-health condition could worsen to the point that he would cross a threshold and be unable to assist in his defense.

Finally, Dr. Kirkland's opinion--that Malone's condition does not sufficiently interfere with his ability to assist in his defense to warrant a finding

4

of incompetence--was founded primarily on the change he observed in Malone's behavior between their first and second meetings.   At their first meeting, Malone was withdrawn, extremely suspicious of Dr. Kirkland's motives, and noncommunicative.   However, after a day or so and a telephone call with his fiancé, Malone asked for Dr. Kirkland to return.   During that second meeting, Malone was more communicative; but, according to Dr. Kirkland's testimony, he continued intermittently to shut down and try to leave, and repeatedly had to be cajoled into continuing with the evaluation.

Dr. Kirkland interpreted the change in Malone's behavior from the first to the second meeting as an indication that he was making a conscious choice to participate; accordingly, he expressed the belief that Malone has the ability to assist his defense if he so chooses.   However, given that Malone's disorder causes frequent mood fluctuations, it also seems quite possible that Malone's somewhat more cooperative

attitude during the second meeting reflected not simply a volitional choice to cooperate, but instead an alteration in his brain chemistry--namely, that the second meeting occurred during a relative upswing in his mood. Furthermore, it may be the case that Malone is better able to function during a depressive period with the support of his fiancé; however, given that Malone is incarcerated, the court and his counsel obviously cannot rely on Malone's fiancé to ensure that he engages in discussions of his case and participates during hearings. As Malone can be expected to have additional mood swings--and additional depressive episodes--as the case progresses, the court is left with the concern that Malone's ability to assist counsel will fluctuate from day to day, and could potentially fall so low as to render him incompetent.

## II. Competency Evaluation

A court may order a competency evaluation on a defendant's motion, or sua sponte, "[a]t any time after

the commencement of a prosecution for an offense and prior to the sentencing of the defendant," if there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). "A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner." 18 U.S.C. § 4247(b). The court may order a defendant to be committed for a reasonable period to the custody of the Attorney General for placement in a suitable Bureau of Prisons facility for this competency examination. 18 U.S.C. §§ 4241(b), 4247(b).

In this case, based on the report and testimony of Dr. Kirkland, the representations made by Malone's counsel in the hearing, the observations of the

7

magistrate judge, and this court's own observation of Malone in open court, the court finds that there exists reasonable cause to believe that Malone may not be competent. Dr. Kirkland's testimony regarding Malone's fluctuating mental-health status suggests that, even if he is currently competent, a better understanding (gained through a further, comprehensive assessment) of Malone's mental-health status will better enable those charged with providing him medical care in detention and his lawyer to intervene before he becomes incompetent and to identify effective interventions to prevent that from happening.

The court will, therefore, order Malone committed to the custody of the Attorney General for further evaluation by the Bureau of Prisons, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b). The examination must be completed within a reasonable period of time not to exceed 30 days; the director of the facility to which Malone is committed may apply for a reasonable extension not to exceed 15 days. 18 U.S.C. § 4247(b).

Once the examination is complete, the examiner shall prepare a report, and file this report with the court and with counsel.   This report should include a description of the psychological and medical tests administered and their results; the examiner's findings, diagnosis, and view as to the prognosis of Malone's mental condition; and the examiner's opinions as to whether, given the demands that may be made on Malone throughout the pendency of this prosecution, he has been, since the initiation of these criminal proceedings, and is currently able to assist properly in his defense.

If, after this evaluation, the court finds that Malone is incompetent, the court will then be required to commit him to the Attorney General's custody, and he will be hospitalized for treatment in a suitable facility in order to determine whether there is a substantial probability that, in the foreseeable future, he will attain sufficient capacity to permit the proceedings to go forward.  18 U.S.C. § 4241(d)(1).

### III.  Presentence Study

In addition to the above study, the court also orders a mental-health evaluation pursuant to 18 U.S.C. § 3552(b), for the purpose of assisting it in fashioning an appropriate sentence if Malone is found competent and is convicted.

"Although district court are no longer bound to follow the Sentencing Guidelines after United States v. Booker, 543 U.S. 220 [](2005), they still must consult the Guidelines and take them into account when sentencing defendants." United States v. Todd, 618 F. Supp. 2d 1349, 1352-53 (M.D. Ala. 2009) (Thompson, J.). The court must calculate the applicable range of sentences recommended by the Guidelines.  The court may then decide to impose a sentence outside of the Guidelines system, commonly known as a 'variance.'

The court is bound, however, to impose a sentence that is reasonable.  The factors set forth in 18 U.S.C. § 3553(a) guide the court's determination of the reasonableness of a sentence.  Those factors are (1)

10

the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to punish the offender, protect the public from the defendant, rehabilitate the defendant, deter others, and provide educational or vocational training and medical care; (4) the kinds of sentences available; (5) the sentencing range established by the Sentencing Guidelines; (6) any pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need for restitution.  18 U.S.C. § 3553(a).

U.S. Probation officers routinely prepare presentence investigation reports to assist the court during sentencing pursuant to 18 U.S.C. § 3552(a). However, 18 U.S.C. § 3552(b) also authorizes the court to order a "study of the defendant" if it "desires more information than is otherwise available to it as a basis for determining the sentence to be imposed."  18

11

U.S.C. § 3552(b).  The evaluation period "shall be no more than sixty days."  Id.  However, the court may grant an extension for "an additional period of not more than sixty days."  Id.  The court here desires a report on how Malone's mental health impacts any or all of the eight sentencing factors listed above.  Dr. Kirkland opined that Malone's actions may be partly explained by his suffering from post-traumatic stress disorder since being shot as a teenager.  The study should address, but not be limited to, this issue.  The study also should include any recommendations for treatment that could be incorporated into a reasonable sentence.

While a presentence study ordinarily "shall be conducted in the local community by qualified consultants," the statute also authorizes the court to order that the study be done by the Bureau of Prisons upon the finding of a "compelling reason."  Id.  In this case, the court finds that the fact that Malone is already in the custody of the Bureau of Prisons and

will be examined by its mental-health professionals for the purposes of a competency evaluation constitutes a compelling reason to order that the presentence study be conducted by the Bureau of Prisons as well.

* * *

Accordingly, it is ORDERED as follows:

(1) The Attorney General shall identify a placement for defendant Malone for the evaluations described in this order.

(2) With regard to the competency evaluation pursuant to 18 U.S.C. § 4241(b):

(a) Defendant Malone will be examined for a reasonable period not to exceed 30 days from the date of admission or arrival at the appropriate facility by a licensed or certified psychiatrist or psychologist, pursuant to the provisions of 18 U.S.C. §§ 4241(b) and 4247(b) and (c). The director of the facility at which defendant Malone is evaluated may thereafter apply for a reasonable extension not to exceed 15 days.

13

(b) A psychiatric or psychological report shall be filed with the court pursuant to the provisions of 18 U.S.C. §§ 4241(b) and 4247(b) and (c). The report shall include an opinion as to whether defendant Malone is currently suffering, and at any time since the initiation of these criminal proceedings has suffered, from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. If Malone is deemed competent, the examiner also should describe any steps that should be taken to assess whether and ensure that he remains so.

(3) With regard to the presentence study pursuant to 18 U.S.C. § 3552(b):

(a) The examining psychiatrist or psychologist shall evaluate defendant Malone's psychological and psychiatric condition for the purposes of sentencing and shall include his or her findings in either the competency evaluation or in a separate report to be

14

presented to this court within 60 days of defendant Malone's admission to the facility.  The court, in its discretion, may thereafter extend the period of evaluation for no more than 60 additional days.

(b) In particular, the study shall address how defendant Malone's mental health impacts the sentencing factors set forth in 18 U.S.C. § 3553(a), as well as any other matters the examiner believes are pertinent to those factors.

DONE, this the 12th day of February, 2016.

__ /s/ Myron H. Thompson ____
UNITED STATES DISTRICT JUDGE