IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
UNITED STATES OF AMERICA   )
                           )      CRIMINAL ACTION NO.
     v.                    )         3:15cr24-MHT
                           )             (WO)
RANDELL LAWARN MALONE      )
```

OPINION AND ORDER

This cause is before the court on defendant Randell Lawarn Malone's motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, now set for August 1, 2016, should be continued pursuant to 18 U.S.C. § 3161(h)(1)(A) & (h)(7).

Per this court's order, Malone underwent a mental-health evaluation at the Bureau of Prisons, which only recently concluded. The court is advised that he will soon be transferred back to the Middle District of Alabama. Malone seeks a continuance in light of the fact that he has had limited contact with

his attorney throughout his evaluation; they have, as a result, been unable adequately to prepare for trial.

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

The Act excludes any period of "delay resulting from any proceeding, including any examinations, to determine the mental competency ... of the defendant," 18 U.S.C. § 3161(h)(1)(A).  Hence, the period of time Malone spent at FCI Butner undergoing his evaluation should be excluded from the 70-day speedy-trial period.

Additionally, the Act excludes any period of "delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable."  18 U.S.C. § 3161(h)(1)(F).  Due to apparent "miscommunication" between the Warden of FCI Butner and the United States Marshal regarding Malone's return transport, more than ten days have elapsed between the conclusion of his evaluation and his return to the Middle District of Alabama.  Mot. to Continue (doc. no. 99) at 1.  This excess period--of approximately one month--is therefore not excludable as a matter of course pursuant to § 3161(h)(1)(F).

However, the Act also excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the

3

best interests of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Malone in a speedy trial. Malone should not be doubly prejudiced by the error--whether the Warden's or the Marshal's--that resulted in the delay in his return.  Malone's counsel requires additional time after he is returned to the local detention facility to determine whether to litigate a competency motion and, if he opts to do so and if Malone is found competent, to work with him on preparing for trial.  The current trial setting would not allow sufficient time to do so.

Finally, this court's decision to grant a continuance is buttressed by the fact that the government does not oppose Malone's motion.

\* \* \*

Accordingly, it is ORDERED as follows:

(1) Defendant Randell Lawarn Malone's motion for continuance (doc. no. 100) is granted.

(2) The jury selection and trial, now set for August 1, 2016, is continued to September 6, 2016, at 10:00 a.m., at the federal courthouse in Opelika, Alabama.

DONE, this the 11th day of July, 2016.

                     _/s/ Myron H. Thompson_
                     UNITED STATES DISTRICT JUDGE