IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 3:15cr24-MHT |
| | ) | (WO) |
| RANDELL LAWARN MALONE | ) | |

OPINION AND ORDER

This cause is before the court on the question whether defendant Randell Lawarn Malone has the mental capacity to stand trial--that is, whether he is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is not able to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  See 18 U.S.C. § 4241(a).  Based on two evaluations submitted to the court and the representations made during two hearings held in open court on August 5 and 12, 2016, the court concludes that Malone is competent and has the mental capacity to stand trial.

In December 2015, the United States Magistrate Judge conducted a hearing on previous defense counsel's motion to withdraw. At that hearing, the magistrate judge observed that Malone "at first answered the court's inquiries ... only briefly; thereafter, he declined to answer at all, and sat with his head bowed for the remainder of the hearing." Order (doc. no. 66) at 1-2. Court-appointed defense counsel reported similar behavior, and indicated that Malone had recently been diagnosed with bipolar disorder but was not receiving medication. Based on that information, the magistrate judge ordered that Malone undergo a psychological evaluation by Dr. Karl Kirkland.

Dr. Kirkland submitted a report and testified at a hearing before this court regarding his observations of Malone. He "opined that Malone suffers from bipolar disorder, post-traumatic stress disorder, and marijuana abuse, and also may suffer from a self-defeating personality disorder." Op. and Order (doc. no. 85) at 3. Dr. Kirkland also testified that Malone's bipolar

disorder "manifests most frequently in episodes of depression," that his "current incarceration is likely to make the symptoms of the disorder worse," and that he was not receiving any treatment for it.  Id. at 4.

As to his competency, Dr. Kirkland testified that Malone has "sufficient understanding of the nature and consequences of the proceedings against him; and that, while Malone's mental-health condition does impact his ability to assist counsel with his defense, this impact was not, at the time he met with [Malone], sufficiently great as to render Malone so unable to assist with his defense that he should be found incompetent."  Id. at 3-4.  During a first meeting with Malone, Dr. Kirkland found him "withdrawn, extremely suspicious ..., and noncommunicative"; after Malone's fiancée encouraged him to cooperate, Malone became somewhat more communicative during a second visit, although he repeatedly tried to leave this meeting as well.  Id. at 5.

Dr. Kirkland "interpreted the change in Malone's behavior from the first to the second meeting as an indication that he was making a conscious choice to participate [or not]."  Id.  However, in light of the concern that Malone's ability to cooperate with his attorney and participate in court proceedings could be detrimentally affected by worsening depression, the court ordered a further competency evaluation by the Bureau of Prisons (BOP).

Dr. Rebecca Barnette, the evaluator who composed the BOP report on Malone, diagnosed him with a number of substance abuse disorders and antisocial personality disorder, but ruled out diagnoses of post-traumatic stress disorder and, as relevant for present purposes, bipolar disorder.  She concluded that although Dr. Kirkland had based his diagnosis of bipolar disorder on Malone's fiancée's "descriptions of his irritability, moodiness, and all or none thinking[,] [these] can also be explained by his antisocial personality characteristics or situational factors that affected

his mood at the time." Psych. Report (doc. no. 95) at 10. Dr. Barnette found that, while Malone reported a past depressive episode and a suicide attempt, "his mood and mental status remained essentially stable throughout the lengthy evaluation period without benefit of psychiatric medication. Although he reported some situational depressed mood and anxiety related to his legal case and the evaluation, these were not judged to be in excess of what would be expected given his current circumstances." Id.

Dr. Barnette agreed with Dr. Kirkland that Malone was competent to stand trial, finding that he has a "coherent, non-delusional understanding of his current legal situation." Id. at 11. She noted that Malone "does not have confidence in [defense counsel's] ability to defend him because [defense counsel] is employed by the government," but "was unable to articulate any specific concerns he had with [defense counsel] or with the manner in which his case had been handled." Id. at 12. She explained that a "cynical

5

outlook toward the criminal justice system ... is a common sentiment held by defendants and is not considered to be the result of delusional thinking." Id. Dr. Barnette further explained that "Malone may become unresponsive in court or with his attorney in the future should he become frustrated with the legal proceedings or displeased with information provided to him. While this behavior is certainly not prudent, and is indicative of poor problem solving skills, it is not the byproduct of an acute mental disorder but is volitional and characterological in nature. ... [Malone] possesses the necessary internal controls to behave and respond appropriately in a legal setting if he chooses to do so." Id.

Given that Dr. Kirkland and Dr. Barnette agree that Malone is competent, given that defense counsel did not present any evidence to the contrary at the August 5 or 12 hearings, and based on the court's independent assessment of the evidence in the record, the court finds that he is able to understand the nature and

consequences of the proceedings against him and--if he so chooses--to assist properly in his defense.

\* \* \*

Accordingly, it is ORDERED that defendant Randell Lawarn Malone is declared mentally competent to stand trial in this case.

DONE, this the 12th day of August, 2016.

                                      /s/ Myron H. Thompson  
                              **UNITED STATES DISTRICT JUDGE**